**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ROBERT MILES, Inmate #K67019,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **C/O CHILDERS, W. HUSCH, K.** | )    **CIVIL NO. 04-626-MJR** |
| **CHAMNESS, LIEUTENANT SMITH,** | ) |
| **SERGEANT WILLIAMS, MIKE** | ) |
| **SANDERS, EDDIE, JACKIE MILLER,** | ) |
| **and ROGER E. WALKER, JR.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      Plaintiff, a former inmate in the Big Muddy Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, without payment of an initial partial filing fee.

      This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In another lawsuit filed the same day as the instant case, Plaintiff claimed that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because he received a bag of chips from the Food Supervisors at Big Muddy Correctional Center that had been bitten into by a rodent, leaving a hole and teeth marks. *See Miles v. Food Supervisors*, Case No. 3:04-cv-624-JPG (S.D. Illinois, filed September 7, 2004). That case was dismissed as frivolous under the dictates of 28 U.S.C. § 1915A. Plaintiff now brings the instant lawsuit, claiming that he received false disciplinary charges from defendants regarding the incident.

Plaintiff states that Defendants Childers and Husch passed out food trays on November 15, 2003. When Plaintiff noticed the hole and teeth marks in his bag of chips, he informed Childers and Husch and asked for another bag of chips. Plaintiff states that Childers and Husch ignored him, even after Plaintiff attempted to get their attention by banging on the door of his cell. Plaintiff then asked to see a Lieutenant. When his request was denied, Plaintiff told Defendants Childers and Husch that would hang himself if he was not allowed to speak to a Lieutenant and he began tying a sheet around his neck. Defendants Childers and Husch then entered Plaintiff's cell, handcuffed him, removed him from his cell, and locked him in the shower. Plaintiff was never given a replacement bag of chips. Defendant Sergeant Williams came to speak to Plaintiff, asking him why he attempted to hang himself. Plaintiff stated that he felt he had to in order to be allowed to speak to a Lieutenant. After approximately an hour of being locked in the shower, Plaintiff was allowed to speak with Lieutenant Chamness, who asked whether Plaintiff did indeed try to hang himself. Plaintiff admitted that he

2

did.  Plaintiff was then taken to isolation in the Health Care Unit ("HCU") for three days.  Plaintiff

states that this treatment constituted cruel and unusual punishment.

After he was released from HCU, Plaintiff was given three disciplinary reports, all regarding

the incident described above and all of which, Plaintiff claims, were inaccurate descriptions of what

occurred.  As a result of the reports, Plaintiff lost good conduct credit and was put in segregation.

Plaintiff filed grievances regarding the false disciplinary charges, but they were denied without

investigation.  Plaintiff states that the denials by  Defendants Mike Sanders, Eddie, Jackie Miller,

and Roger E. Walker, Jr. constituted denial of his constitutional right to due process.

*Cruel and Unusual Punishment*

Plaintiff states, first, that his treatment violated his right to be free from cruel and unusual

punishment.  In a case involving conditions of confinement in a prison, two elements are required

to establish violations of the Eighth Amendment's cruel and unusual punishments clause.  First, an

objective element requires a showing that the conditions deny the inmate "the minimal civilized

measure of life's necessities," creating an excessive risk to the inmate's health or safety.  *Farmer*

*v. Brennan*, 511 U.S. 825, 834 (1994).  The second requirement is a subjective element –

establishing a defendant's culpable state of mind.  *Id.*

> [N]either negligence nor strict liability is the appropriate inquiry in prison-conditions
> cases. . . . prisoners who contest the conditions of their confinement under the eighth
> amendment must establish that their custodians either established the conditions to
> inflict wanton pain or are deliberately indifferent to whether the conditions have
> these effects.  The eighth amendment is concerned with "punishment", and . . .
> showing a culpable mental state is essential in establishing that conditions of
> confinement are part of the "punishment".

*Steading v. Thompson*, 941 F.2d 498, 499-500 (7th Cir. 1991), *citing Wilson v. Seiter*, 501 U.S. 294

(1991).  Whether Plaintiff is claiming that the bag of chips with a hole constituted cruel and unusual

punishment or that the conditions of his isolation after his suicide threat did, he fails to state a claim on either ground.  Receiving a bag of chips with a rodent-bitten hole does not implicate denial of "the minimal civilized measure's of life's necessities" that would create an excessive risk to an inmate's health or safety.  Even if the rodent-bitten bag of chips could constitute such a denial, Plaintiff has not alleged that defendants possessed a culpable state of mind as required to state a constitutional claim.  At best, Defendants were negligent.  A defendant can never be held liable under § 1983 for negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

To the extent that Plaintiff is claiming that being locked in the shower for one hour and being put in isolation in the HCU after he threatened to hang himself constituted cruel and unusual punishment, this argument also fails.  Plaintiff admits that he threatened to hang himself and that Defendant Chamness was concerned with whether Plaintiff did attempt to hang himself.  Although isolation might constitute a "denial of the minimal civilized measures of life's necessities," Plaintiff has not shown the requisite culpable state of mind of the Defendants.  Plaintiff does not state that Defendants isolated him intentionally to inflict wanton pain upon him.  Instead, the allegations suggest that Plaintiff was isolated for his own safety.  As such, Plaintiff has not stated a claim of cruel and unusual punishment in violation of the Eighth Amendment.

*Due Process*

Second, Plaintiff states that he was denied due process in the handling of his grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not,

4

of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Accordingly, Plaintiff's statement that he was denied due process in the grievance procedure does not state a constitutional claim.

To the extent that Plaintiff is claiming he was denied due process in the disciplinary proceedings, he also fails to state a claim.  In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal.  418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).  The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 459 U.S. at 455-56.  Plaintiff does not state that he was denied any of the constitutional protections outlined in *Wolff*.  As such, he does not state a due process claim based on his allegations.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 25th day of August, 2005.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**